IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) AMERICAN HOME ASSURANCE COMPANY, a New York Corporation, §§§§§ *Plaintiff*, §§ v. §§ (1) AGRICO CHEMICAL COMPANY, n/k/a MOSAIC FERTILIZER, LLC, a Delaware Limited Liability Company, §§§§§ *Defendant*. | Case No. 13-CV-20-JED-PJC |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff American Home Assurance Company ("American Home") files this Original Complaint for Declaratory Relief against Agrico Chemical Company, n/k/a Mosaic Fertilizer, LLC ("Agrico"), and alleges the following:

1. This is an action for declaratory relief pursuant to 28 U.S.C. section 2201 because there is an actual controversy between American Home and Agrico with respect to their respective rights and obligations under an excess workers compensation policy issued by American Home to Agrico. More specifically, American Home seeks a declaration that it has no coverage obligations for the claim submitted by Agrico to American Home under the insurance policy at issue.

### I. PARTIES

2. American Home is a New York corporation with its principal place of business in New York, New York.

3. Upon information and belief, Mosaic is a Delaware limited liability company, with its principal place of business at 3033 Campus Drive, Suite E490, Plymouth, Minnesota 55441.

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**  Page 1

4. Agrico's principal place of business was located in this district prior to its acquisition by Mosaic.

## II.     JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. section 1332 because complete diversity of citizenship exists between American Home and Agrico (and Mosaic). They are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Agrico because it did business in Oklahoma, and upon information and belief, is still conducting business in Oklahoma.

7. Venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. section 1391(b)(2) because it is where a substantial part of the events or omissions giving rise to this action occurred. In addition to this being the district where Agrico maintained its principal place of business, this district is where American Home issued the policy to Agrico.

## III.     FACTS

8. American Home issued Specific Excess Workmens Compensation Policy No. CE 269-15-22; 269-24-27 (the "Policy") to Agrico for the policy period of July 5, 1972 to July 5, 1973.

9. Agrico made a claim on the Policy for the first time on or about February 25, 2009 for an accident that allegedly occurred on October 8, 1972, more than 37 years earlier.

10. The Insuring Agreement relevant to this dispute is Coverage A of the Policy, which provides coverage for "all compensation and other benefits required of the insured by the workmen's compensation law."

11.     The Policy's excess workmens compensation coverage is subject to a $150,000 self-insured retention ("SIR") for each accident. In other words, Agrico must pay the first $150,000 on each claim covered by the Policy before American Home has any potential obligation to make indemnification payments for that claim.

12.     The Notice provisions set forth in Conditions five and six of the Policy require Agrico to (1) provide written notice of an injury to American Home "as soon as practicable" and (2) immediately forward to American Home every demand, notice, and/or summons related to a claim against Agrico.

13.     The Policy also states that in the event of any payment under the Policy, American Home "shall be subrogated to all rights of recovery therefore of the insured and any person entitled to the benefits of this policy" and that Agrico "shall do nothing after loss to prejudice such rights."

14.     Finally, the Assistance and Cooperation provision of the Policy states that Agrico must cooperate with American Home and "shall not, except at [its] own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and other services at the time of the injury as are required."

15.     On or about October 8, 1972, Trammel Wasden ("Wasden") was injured when a train ran over his legs when he was working on the side of a railroad car while employed by Agrico. Wasden's injuries resulted in the amputation of both of his legs.

16.     Agrico did not inform American Home of Wasden's claim at this time.

17.     Upon information and belief, Wasden filed suit against Seaboard Coast Line Railroad Company ("Seaboard") in January 1973, seeking compensation for his injuries. On January 26, 1973, Seaboard notified Agrico that, pursuant to an agreement between the parties,

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**          Page 3

Seaboard was entitled to indemnification from Agrico of all defense and indemnity costs associated with Wasden's claim.

18. On or about August 2, 1974, Seaboard, Agrico, and Wasden agreed to a partial settlement of Wasden's claim. The terms of the settlement agreement required Seaboard to pay Wasden $300,000 as compensation for his injuries in exchange for Wasden's release of his claims against Seaboard. As part of the settlement, Agrico agreed to waive its subrogation rights against Seaboard and assume all future workmens compensation benefit payments for Wasden's claim.

19. Agrico did not inform American Home of Wasden's claim or the partial settlement at this time. Additionally, Agrico did not obtain (or attempt to obtain) American Home's consent to waive Agrico's subrogation rights against Seaboard. Agrico breached the policy by failing to do so.

20. On October 16, 1974, after Wasden underwent a physical examination, Agrico determined that Wasden reached maximum medical improvement and that he was permanently and totally disabled. Agrico agreed that Wasden's benefits would continue at the rate of $66 per week for the rest of his life.

21. Despite Wasden being injured in 1972, Agrico's partial settlement of Wasden's claim in 1974, and making payments to Wasden for approximately 35 years, Agrico did not provide notice of Wasden's claim to American Home until February 25, 2009, nearly 37 years after Wasden's accident. Further, at the time Agrico provided notice, it had already paid approximately $189,000 on the claim, which was $39,000 more than the Policy's SIR.

22. Agrico's untimely notice of Wasden's claim clearly breached the Policy's reporting requirements.

23. Further, Agrico violated the Policy's Assistance and Cooperation provision when it chose to unilaterally handle Wasden's claim without giving American Home any opportunity whatsoever to get involved until after Agrico's payment had already impacted American Home's rights and layer of coverage. This breach clearly impaired American Home's right to investigate, monitor, and participate in the handling of Wasden's claim and to obtain subrogation and recovery.

24. On June 3, 2009, American Home denied coverage to Agrico based on Agrico's multiple breaches of the Policy.

25. American Home confirmed the denial again on October 27, 2009.

### IV.   COUNT I FOR BREACH OF CONTRACT

26. American Home repeats and incorporates fully by reference the allegations contained in the paragraphs above.

27. As detailed above, Agrico breached the terms of the Policy.

28. American Home has been damaged as a result of Agrico's breach of the terms of the Policy as set forth in this Complaint.

### V.   COUNT II FOR DECLARATORY RELIEF

29. American Home repeats and incorporates fully by reference the allegations contained in the paragraphs above.

30. An actual and justiciable controversy exists between American Home and Agrico regarding the scope and extent of American Home's obligation, if any, to provide coverage under the Policy for Wasden's claim.

31. American Home seeks a declaration that it has no coverage obligations for the Wasden claim because Agrico failed to give written notice to American Home of Wasden's claim as soon as practicable, as required by the Policy. Instead, Agrico waited to notify

American Home until more than 37 years after learning of Wasden's claim, more than 36 years after Seaboard demanded indemnification from Agrico, and more than 35 years after settling Wasden's claim. This late notice prejudiced American Home, as American Home was precluded from being able to participate at all in the investigation and defense of Wasden's claim, to participate in the settlement of his claim, and to pursue the subrogation claim to which it was contractually entitled.

32. American Home also seeks a declaration that Agrico breached the Policy by waiving its subrogation rights against Seaboard in the settlement of Wasden's claim without American Home's consent.

33. Finally, American Home seeks a declaration that Agrico breached the Assistance and Cooperation provision in the Policy by handling Wasden's claim without notice to American Home, by voluntarily making 37 years of payments that ultimately pierced and involved American Home's layer of coverage, and by failing to notify American Home of Seaboard's demand for indemnification for more than 36 years.

Based on the foregoing, American Home respectfully asks this Court to declare that:

A. Agrico breached the Policy when it failed to provide notice to American Home as required by the Policy's reporting requirements;

B. Agrico breached the Policy when it waived its subrogation rights related to the Wasden claim;

C. Agrico breached the Policy by violating the Assistance and Cooperation clause in the Policy;

D. American Home has no obligation under the Policy to provide coverage to Agrico for the Wasden claim;

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**     **Page 6**

E.  Award American Home its damages arising out of Agrico's breach of contract; and

F.  Award American Home its attorneys' fees, costs of court and such other relief to which it is entitled.

Dated:  January 9, 2013              Respectfully submitted,

                                             HOLDEN & CARR

                                             *s/ Michael L. Carr*
Michael L. Carr, OBA #17805
15 East 5th Street, Suite 3900
Tulsa, OK 74103
Telephone:     (918) 295-8888
Facsimile:     (918) 295-8889
MikeCarr@HoldenLitigation.com

ATTORNEYS FOR AMERICAN HOME
ASSURANCE COMPANY OF COUNSEL

OF COUNSEL:

Scott L. Davis
Jeremy Williams
Matthew J. Schroeder
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

ATTORNEYS FOR AMERICAN HOME
ASSURANCE COMPANY